IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE

In re

MONROE A. BROWN
a/k/a M. ALEX BROWN, ATTORNEY
a/k/a ALEX BROWN, ATTORNEY

        Debtor

Case No. 04-35031

MONROE A. BROWN
a/k/a M. ALEX BROWN, ATTORNEY
a/k/a ALEX BROWN, ATTORNEY

        Plaintiff

    v.

Adv. Proc. No. 05-3147

BARRY ANDERSON

        Defendant

## MEMORANDUM ON MOTION TO DISMISS

**APPEARANCES:**   RICHARD M. MAYER, ESQ.
    1111 Northshore Drive
    Suite S-570
    Knoxville, Tennessee 37919
    Attorney for Plaintiff/Debtor

    JOHN P. NEWTON, JR., ESQ.
    9700 Westland Drive
    Suite 101
    Knoxville, Tennessee 37922
    Attorney for Defendant

**RICHARD STAIR, JR.**
**UNITED STATES BANKRUPTCY JUDGE**

This adversary proceeding is before the court upon the Complaint filed by the Plaintiff/Debtor on September 15, 2005, averring that the Defendant attempted to circumvent the discharge injunction imposed under 11 U.S.C.A. § 524(a)(2) (West 2004). On November 1, 2005, the Defendant filed a Motion to Dismiss, arguing that the Plaintiff has failed to state a claim upon which relief can be granted.  On November 11, 2006, the Plaintiff filed an Amended Complaint, requesting that the actions of the Defendant entitle him to damages under 11 U.S.C.A. § 105(a).[1] Thereafter, on November 17, 2005, the Plaintiff filed his Response, and Supporting Brief, Opposing Defendant's Motion to Dismiss (Response), as required by E.D. Tenn. LBR 7007-1.  The Reply to Response and Supporting Brief Opposing Defendant's Motion to Dismiss by Defendant was filed by the Plaintiff on November 23, 2005.

The Plaintiff alleges in the Complaint that he filed his Chapter 7 bankruptcy case on September 23, 2004; that he received his discharge on March 9, 2005; that the Plaintiff is listed as an unsecured creditor in his statements and schedules, holding a claim in the amount of $2,312.00; that the Defendant was personally aware of the Plaintiff's bankruptcy case; that on August 6, 2005, the Defendant sent him two letters discussing both parties' legal rights and suggesting settlement of various lawsuits pending in the Circuit and General Sessions Courts for Knox County, Tennessee, as well as requesting the return of a computer

---

[1] The Plaintiff's Amended Complaint was filed pursuant to Federal Rule of Civil Procedure 15, which provides that "[a] party may amend [his] pleading once as a matter of course at any time before a responsive pleading is served[.]" FED. R. CIV. P. 15(a).  The Defendant's Motion to Dismiss is not a responsive pleading. *See* FED. R. CIV. P. 12(b).  The Amended Complaint relates back to the date upon which the original Complaint was filed, *see* FED. R. CIV. P. 15(c), and the court will refer to them collectively as "Complaint."

2

and accessories; and that on September 8, 2005, the Defendant sent a letter to a Knox County Circuit Court judge, alleging legal misconduct in the parties' court cases and, among other things, asking the court to hold the Plaintiff in contempt and to order him to pay the Defendant's costs and attorneys' fees.

The Plaintiff alleges that these communications violated the discharge injunction of 11 U.S.C.A. § 524(a)(2) and that he is entitled to actual damages, including compensatory damages and attorneys' fees, along with punitive damages "pursuant to the Court's inherent power under 11 U.S.C. Section 105." The Defendant contends that the Plaintiff's Complaint fails to state a claim upon which relief can be granted.

A defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6) (applicable in adversary proceedings pursuant to Federal Rule of Bankruptcy Procedure 7012(b)). When contemplating a motion to dismiss under Rule 12(b)(6), the court should "construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand, C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). All factual allegations are accepted as true, but the court is not required to accept legal conclusions or unwarranted factual inferences as true. *Mich. Paytel Joint Venture v. City of Detroit*, 287 F.3d 527, 533 (6th Cir. 2002). Instead, the focus should be upon "whether the plaintiff has pleaded a cognizable claim[,]" *Marks v. Newcourt Credit Group, Inc.*, 342 F.3d 444, 452 (6th Cir. 2003), and the complaint should not be dismissed "unless it appears beyond doubt that

the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief." *Buchanan v. Apfel*, 249 F.3d 485, 488 (6th Cir. 2001) (quoting *Conley v. Gibson*, 78 S. Ct. 99, 102 (1957)).

Discharge accomplishes one of the Bankruptcy Code's primary goals of providing honest but unfortunate debtors relief from their debts so that they may make a fresh start. *In re Williams*, 291 B.R. 445, 446 (Bankr. E.D. Tenn. 2003) (quoting *In re Krohn*, 886 F.2d 123, 125 (6th Cir. 1989) (citing *Local Loan Co. v. Hunt*, 54 S. Ct. 695, 699 (1934)). Although discharge does not extinguish the debts, it releases debtors from personal liability for their debts. *Williams*, 291 B.R. at 446. In Chapter 7 cases, once a discharge is granted, debtors are no longer liable for any pre-petition debts "[e]xcept as provided in section 523 of this title[,]" 11 U.S.C.A. § 727(b) (West 2004), and the court's entry of the discharge order triggers the "discharge injunction" which "(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor[.]" 11 U.S.C.A. § 524(a)(2). By virtue of § 524(a)'s permanent injunction, debtors are no longer liable for any pre-petition debts. *See In re Leonard*, 307 B.R. 611, 613 (Bankr. E.D. Tenn. 2004).

The Sixth Circuit has determined that "§ 524 does not impliedly create a private right of action[,]" *Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 422-23 (6th Cir. 2000), based upon Congress's failure to expressly state a private right of action as it did in 11 U.S.C.A.

4

§ 362(h) (West 2004) for willful violations of the automatic stay.[2]  Specifically, the Sixth Circuit stated that

> [w]hat Congress subsequently failed to do with regard to § 524 sheds rather more light on the legislature's intent.  Congress amended the Bankruptcy Code in 1984 to provide an express right of action under the automatic stay provision of 11 U.S.C. § 362(h).  It did so because reliance on the contempt power to remedy violations of § 362 had been widely criticized.  Congress amended § 524 at the same time it amended § 362, but no private right of action was added in § 524.  The contrast, we think, is instructive.

*Pertuso*, 233 F.3d at 422 (internal citations omitted).

The *Pertuso* court acknowledged that "[t]he traditional remedy for violation of [the § 524(a)(2)] injunction lies in contempt proceedings[.]" *Pertuso*, 233 F.3d at 421; *see also Williams*, 291 B.R. at 452; *Kanipe v. First Tenn. Bank (In re Kanipe)*, 293 B.R. 750, 755 (Bankr. E.D. Tenn. 2002).  In summary,

> the rule in the Sixth Circuit is that a debtor injured by a violation of the discharge injunction has no right to statutory damages.  Instead, when a violation of the discharge injunction does occur, a debtor's sole avenue of recourse – and the one for which the traditional remedy for a violation of a court order – is to bring an action against the creditor for contempt.

*In re Perviz*, 302 B.R. 357, 370 (Bankr. N.D. Ohio 2003).

The Complaint filed by the Plaintiff alleges violations of the discharge injunction of § 524(a)(2) and seeks to remedy the alleged wrong by asking the court to impose damages under § 105(a), which defines the power of the court as follows:

---

[2] Subsection (h) provides that "[a]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."  11 U.S.C.A. § 362(h).

5

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C.A. § 105(a).

The Debtor in this adversary proceeding asserts the exact claim rejected by the Sixth Circuit in *Pertuso*.

> "[W]e do not read § 105 as conferring on courts such broad remedial powers. The 'provisions of this title' simply denote a set of remedies fixed by Congress. A court cannot legislate to add them."

233 F.3d at 423 (quoting *Kelvin v. Avon Printing Co., Inc.,* 1995 WL 734481, at *4 (6th Cir. 1995) (unpublished)).

> Section 105 undoubtedly vests bankruptcy courts with statutory contempt powers, but it "does not authorize the bankruptcy court to create substantive rights that are unavailable under applicable law . . . ."

233 F.3d at 423 n.1 (quoting *United States v. Sutton*, 786 F.2d 1305, 1308 (5th Cir. 1986) (citing *S. Ry. Co. v. Johnson Bronze Co.*, 758 F.2d 137, 141 (3d Cir. 1985).

The Plaintiff's Complaint seeks damages against the Defendant for "attempt[ing] to circumvent the injunctive prohibitions of 11 U.S.C. Section 524." Because the remedy for violation of the discharge injunction requires a contempt proceeding, even in a light most favorable to the Plaintiff, his Complaint fails to state a claim upon which his requested relief can be granted.

For the reasons set forth above, the Motion to Dismiss will be granted. An order consistent with this Memorandum will be entered.

FILED: November 29, 2005

> BY THE COURT
>
> */s/ RICHARD STAIR, JR.*
>
> RICHARD STAIR, JR.
> UNITED STATES BANKRUPTCY JUDGE